**Maximino Paulino BUENO, Appellant**

v.

**UNITED STATES of America.**

No. 13–3131.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Sept. 12, 2013.

Opinion filed: Sept. 19, 2013.

Maximino Paulino Bueno, Big Spring,
TX, pro se.

Laura S. Irwin, Esq., Office of United
States Attorney, Pittsburgh, PA, for De-
fendant–Appellee.

Before: FUENTES, FISHER and
VANASKIE, Circuit Judges.

OPINION

PER CURIAM.

Pro se appellant Maximino Bueno ap-
peals the United States District Court for
the Western District of Pennsylvania's or-
der dismissing in part and denying in part
his habeas petition filed under 28 U.S.C.
§ 2241. The government has filed a mo-
tion for summary affirmance. For the

reasons that we detail below, we will grant
the government's motion and summarily
affirm the District Court's order.[1]

Bueno, a citizen of the Dominican Re-
public, was arrested on October 3, 2008, by
New Jersey police for a narcotics offense.
On October 15, 2008, the Department of
Homeland Security lodged a detainer
against him in anticipation of charging him
with illegal reentry into the United States.
Bueno pleaded guilty to the state charge
on June 4, 2010, and to the (by-then pend-
ing) federal charge on October 1, 2010.
From the date of his arrest until October
28, 2010, Bueno remained in state custody;
on October 28, he was transferred to fed-
eral custody. On January 26, 2011, the
District Court sentenced Bueno to 65
months' imprisonment, and on February
17, 2011, the New Jersey state court sen-
tenced Bueno to 96 months' imprisonment.
The state court ordered that Bueno's sen-
tence would run concurrently with his fed-
eral sentence and that Bueno would re-
ceive credit for his detention from the date
of his arrest until his transfer to federal
custody. Bueno has asked the Bureau of
Prisons (BOP) to give him credit against
his federal sentence for that same period
of state pre-sentence detention, but the
BOP has denied his request.

Bueno then filed the instant action in the
District Court under 28 U.S.C. § 2241 al-
leging that the BOP improperly refused to
credit his time in state detention against
his federal sentence. The District Court
denied all relief to Bueno, and he filed a
timely notice of appeal.

We agree with the District Court's dis-
position of this case. While § 2241 is the

R, McPherron has given us no reason to ques-
tion the District Court's analysis.

1. We have jurisdiction over this appeal pursu-
ant to 28 U.S.C. § 1291, and we exercise
plenary review over the District Court's legal

conclusions and apply a clearly erroneous
standard to its factual findings. *See Cradle v.
United States ex rel. Miner,* 290 F.3d 536, 538
(3d Cir.2002).

proper vehicle for Bueno's claim that the BOP improperly refused to give him credit for his time in state custody, *see Coady v. Vaughn*, 251 F.3d 480, 485–86 (3d Cir. 2001), we agree with the District Court that the claim lacks merit. The authority to calculate a federal sentence and provide credit for time served has been delegated to the Attorney General, who acts through the BOP. *See United States v. Wilson*, 503 U.S. 329, 333–35, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). The BOP's authority, however, is limited by 18 U.S.C. § 3585(b), which expressly prohibits the BOP from crediting a federal sentence with time that has already been credited toward another sentence. *See Wilson*, 503 U.S. at 337, 112 S.Ct. 1351. Here, the time Bueno served in state custody has indisputably been credited toward his state sentence, and Bueno is therefore not entitled to credit that time toward his federal sentence.

Despite the clear language of § 3585(b), Bueno claims that he should be granted additional credit toward his federal sentence because the federal detainer prevented him from obtaining bail on the state charges. In support of that contention, Bueno relies on *Brown v. United States*, 489 F.2d 1036 (8th Cir.1974), which applied 18 U.S.C. § 3568, the predecessor to § 3585. However, § 3568, which did not explicitly preclude double credit, has been superseded by the Sentencing Reform Act of 1984 and recodified at § 3585(b); as noted above, § 3585(b) unequivocally prohibits double credit. *See Wilson*, 503 U.S. at 331–33, 112 S.Ct. 1351. Therefore, Bueno's invocation of *Brown* does not help his cause.

We also agree with the District Court that Bueno cannot invoke the limited exceptions to § 3585(b)'s prohibition against double credit recognized by *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir.1993), and *Willis v. United States*, 438 F.2d 923 (5th Cir.1971) (per curiam). The exceptions detailed in those cases, although not identical, each require that the defendant's state sentence be projected to end before the defendant's federal sentence. *See generally* BOP Program Statement § 5880.28. Here, as accurately calculated by the District Court, Bueno's federal sentence is scheduled to end before his state sentence, rendering the *Kayfez* and *Willis* line of cases inapplicable. Therefore, the District Court was correct to deny Bueno's petition.

Certain language in Bueno's petition also suggests that he may wish to raise a separate claim alleging that his conviction and sentence are invalid due to the government's delay in filing an indictment against him. To the extent that he does seek to raise such a claim—which is by no means clear—it is not the proper subject of this post-trial § 2241 petition. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241–43 (3d Cir.2005); *see also United States v. Furman*, 112 F.3d 435, 438 (10th Cir.1997). Therefore, it was appropriate for the District Court to dismiss the petition insofar as it raised such a claim. *See In re Galante*, 437 F.2d 1164, 1165 (3d Cir.1971).

Accordingly, we grant the government's motion for summary affirmance and will affirm the District Court's order. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.